IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMRO ELANSARI, : |  |
|    Plaintiff, : |  |
| : |  |
| v. : | CIVIL ACTION NO. 19-CV-3005 |
| : |  |
| PASSHE, *et al.*, : |  |
|    Defendants. : |  |

## MEMORANDUM

**ROBRENO, J.**                                                                                                                          **JULY 15, 2019**

Plaintiff Amro Elansari filed this civil action against the PA State System of Higher Education ("PASSHE"), and two attorneys, Michael Ferguson and Jill Fluke. He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

**I.**     **FACTS**

Elansari's Complaint is brief and unclear. It is mostly comprised of sentence fragments. Elansari appears to be asserting a claims for fraud and patent infringement. His claims are based on the following allegations: (1) "FRAUD taking place within PASSHE while receiving federal funding → students cheating to pass"; and (2) "[he] invented Patent Pending System" and told the Defendants, who allegedly replied that they were "not obliged to respect patent." (Compl. at 6.)[1] As relief, Elansari seeks "whatever jury decides" and "accountability." (*Id.* at 7.)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

## II.     STANDARD OF REVIEW

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, Elansari's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss a complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice." *Id.*  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Elansari is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief."  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).  This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."  *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

The only federal claim Elansari appears to be raising is a claim for patent infringement. However, his sparse factual allegations do not support such a claim. To state a patent infringement claim, a plaintiff must allege the following minimal requirements:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)) (alterations in original). Elansari has not identified a patent that he owns and, assuming he owns a patent, he has not described how any of the Defendants are infringing that patent. Accordingly, the Complaint fails to state a patent infringement claim.

The only other claim Elansari appears to be bringing is a claim for fraud under state law. The only independent basis for jurisdiction over this claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[2] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412,

---

[2] The Court will not exercise supplemental jurisdiction, having dismissed Elansari's federal claim.

419 (3d Cir. 2010) (internal footnotes omitted)). Here, the Complaint suggests that Elansari and the Defendants are all citizens of Pennsylvania. It is also not clear whether the amount in controversy exceeds $75,000. Accordingly, there is no basis for subject matter jurisdiction over Elansari's fraud claim.[3]

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Elansari's right to file an amended complaint in the event he can state a claim for relief. An appropriate Order follows.

---

[3] It is also not clear whether Elansari has standing to raise his fraud claim. The contours of that claim are unclear but appear to be based on Elansari's concerns about students cheating and, perhaps, the possibility that his degree will be devalued. He has not articulated an injury in fact fairly traceable to Defendants' conduct that would be redressed by a favorable decision from this Court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).