# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3005 |
| | : | |
| PASSHE, *et al.*, | : | |
|    Defendants. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                       **AUGUST 26, 2019**

      Plaintiff Amro Elansari filed this civil action against the PA State System of Higher Education ("PASSHE"), and two attorneys, Michael Ferguson and Jill Fluck (misspelled Jill Fluke in the caption). In a Memorandum and Order docketed on July 15, 2019, the Court granted Elansari leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. (ECF Nos. 4 & 5.) Elansari returned with a Motion for Leave to File an Amended Complaint to which he attached his Amended Complaint. (ECF No. 6.) The Court will grant the Motion because leave to amend has already been authorized and dismiss the Amended Complaint as legally frivolous.

## I.    FACTS AND PROCEDURAL HISOTRY

      Elansari's initial Complaint was brief and unclear. He appeared to be asserting a claims for fraud and patent infringement based on the following allegations: (1) "FRAUD taking place within PASSHE <u>while</u> receiving federal funding → students cheating to pass"; and (2) "[he]

1

invented Patent Pending System" and told the Defendants, who allegedly replied that they were "not obliged to respect patent." (Compl. at 6.)[1]

After granting Elansari leave to proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court concluded that Elansari failed to state a claim for patent infringement because he did not identify a patent that he owned or allege how the Defendants are infringing that patent. As for Elansari's fraud claim, the Court concluded that it lacked an independent basis for jurisdiction because the parties are not diverse for purposes of 28 U.S.C. § 1332(a), and observed that Elansari might lack standing to pursue such a claim because he failed to allege an injury in fact. The Court allowed Elansari to file an amended complaint and specifically instructed him to provide the number of the patent in question if he was asserting a patent infringement claim.

In his Amended Complaint, Elansari alleges that he is concerned with cheating by university students. Specifically, he notes that websites exist to facilitate student cheating by providing an option for students to pay someone else to write a paper for them. As a result, Elansari is concerned that students are receiving degrees they have not earned.

According to Elansari, his concerns caused him to create software he calls "Document Inspector," which allows an individual to upload a document into the program that reveals whether there were editors of the document other than the student who handed in the work. Elansari contacted Ferguson and Fluck, attorneys for PASSHE, to express his concerns about student cheating and pitch his idea.

---

[1] The Court adopts the pagination assigned to Elansari's filings by the CM-ECF docketing system.

In a July 10, 2018 email, which is attached as an exhibit to the Amended Complaint, Fluck stated that she would report Elansari's concerns to State System academic leaders. Fluck thanked Elansari for his "offer to implement the 'Document Inspector' tool" but noted that the information ascertained from the software "is readily available to any individual to access using the 'Properties' function of a Word file without the need for the 'Document Inspector' tool." (ECF No. 6-3 at 11.) Fluck also noted that, as Elansari himself pointed out, other tools exist for reviewing student work. In light of those observations, Fluck declined Elansari's offer to demonstrate how his product works.

Elansari views Fluck's email as Defendants' admission that cheating occurs and a statement that "they would be moving forward and did not have to credit [him] for coming to them with this idea for system and application and process." (ECF No. 1-1 at 5, ¶ 26.) He also alleges that the Defendants continue to allow "this fraud"—*i.e.*, student cheating—to take place, "resulting in FRAUD degrees continuing to pump out semester by semester." (*Id.* at 5, ¶ 27.) In early 2019, Elansari submitted an application to the U.S. Patent and Trademark Office for a provisional patent on his Document Inspector tool. The application is currently pending.

Based on those allegations, Elansari asserts a patent infringement claim and a fraud claim. Elansari asks the Court to recognize the patent infringement, to penalize the Defendants for student cheating by revoking their federal funding, and for unspecified damages. (*Id.* at 9.)

## II.     STANDARD OF REVIEW

As Elansari is proceeding *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Amended Complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is

"based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Courts may dismiss a lawsuit as legally frivolous when a plaintiff lacks standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App' x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App' x 215, 217 (3d Cir. 2005) (per curiam). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Elansari's patent infringement claim is legally baseless. Elansari's allegations make clear that, although he has filed an application, he does not currently own a patent on his Document Inspector software. Without a patent, there can be no patent infringement. *See Chinsammy v. United States*, 417 F. App'x 950, 951–52 (Fed. Cir. 2011) ("Because he has never been issued a valid patent, the Court of Federal Claims correctly dismissed his appeal for lack of jurisdiction."); *Rooks v. Proctor & Gamble, Inc.*, Civ. A. No. 16-553, 2017 WL 1246354, at *2 (M.D. Ga. Apr. 4, 2017) ("Because Plaintiff has not alleged that the patent ever issued for his R2K toothbrush system, his claims for direct patent infringement are properly DISMISSED without prejudice." (bold typeface removed)); *Ogindo v. DeFleur*, No. 07-CV-1322, 2008 WL 5105157, at *1 (N.D.N.Y. Dec. 1, 2008) ("Plaintiff concedes that no patent was issued. Inasmuch as Plaintiff is not a patentee, he may not maintain an action for patent infringement."); *see also Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (explaining that "[a] 'patentee' is entitled to bring a 'civil action for infringement of his patent'" and that "the 'patentee' includes the patentee to whom the patent was issued and the 'successors in title to the

4

patentee'"). Furthermore, Elansari's filing makes clear that the Defendants declined to use his software and he believes they are not addressing student cheating, which undermine any suggestion of infringement even if a patent had issued.

Elansari's fraud claim, which is based on his dissatisfaction with student cheating that occurs in the university setting, is also legally baseless because Elansari lacks standing to bring this claim. "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561. Elansari's claim is based on a general societal concern about student conduct that he believes the Defendants should do more to address. He has not articulated a concrete and particularized injury traceable to Defendants' conduct redressable by the Court.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Elansari's Motion for Leave to File an Amended Complaint and dismiss the Amended Complaint as legally frivolous. An appropriate Order follows.

---

[2] He also has not pled a basis for the Court's jurisdiction over this claim, which arises under state law.